IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EMANUEL JUREL DAVIDSON,**   **CASE NO. 2:07-cv-379**
                             **CRIM. NO. 2:05-cr-120**
  **Petitioner,**              **JUDGE MARBLEY**
                             **MAGISTRATE JUDGE KING**

**v.**

**UNITED STATES OF AMERICA,**

  **Respondent.**

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  This matter is before the Court on the instant motion, respondent's return of writ, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the §2255 motion be **GRANTED** on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file an appeal, and that the final judgment previously entered in this case be **VACATED** and that a new judgment be entered, so that counsel may be appointed to file a timely appeal on petitioner's behalf.  The Magistrate Judge further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED** as moot, or as prematurely brought pending disposition of petitioner's appeal.  Petitioner's request for an evidentiary hearing, *see Motion to Supplement*, Doc. No. 52, is **DENIED**.  His unopposed motion to supplement the petition, *id.*, is **GRANTED**.

Petitioner's underlying criminal conviction is the result of his July 18, 2005, guilty plea made pursuant to a plea agreement signed on June 30, 2005.  While represented by

counsel, petitioner pled guilty to one count of possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. §2.  Doc. No. 21.  On June 2, 2006, the Court sentenced petitioner to 240 months imprisonment plus ten years supervised release. Doc. No. 43. The transcript of petitioner's sentencing hearing indicates that he requested that a notice of appeal be filed on his behalf. The Court directed defense counsel to file the notice of appeal. *Sentencing Transcript*, at 8-9, Doc. No. 50.  No notice of appeal was ever filed.

On April 27, 2007, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  His claims are summarized as follows:

> 1. Denial of the effective assistance of counsel.
>
> Counsel failed to challenge the fact that crack cocaine and cocaine are one and the same controlled substance.  Counsel failed to file an appeal for me to challenge these issues. Counsel permitted movant to get on the witness stand and incriminate himself.  Counsel agreed to allow movant to plead guilty to an enhanced sentence without any evidence put forth of any prior convictions, and whether or not the prior(s) are admissible or inadmissible for enhancement purposes, and whether or not the prior(s) could be used under the Federal Rules of Evidence: No §851 has been filed.  Counsel failed to challenge the indictment.... Counsel failed to challenge the jurisdiction of the Court as to whether or not the Court had jurisdiction to impose sentence.

In petitioner's motion to supplement his petition, Doc. No. 52, he asserts the following supplemental claims:

> 2. Counsel was ineffective for failing to safeguard petitioner's substantial rights when the plea agreement was breached.

2

>   3. Counsel failed to appeal the District Court's judgment and conviction which substantially violated movant's fundamental rights under the Sixth Amendment of the Constitution.

Petitioner also again argues that he was denied the right to appeal and the effective assistance of counsel when his attorney failed to file a timely notice of appeal on his behalf. *See Motion to Supplement,* Doc. No. 52.

> The failure by a defense attorney to file a timely appeal after being requested to do so by his client constitutes the ineffective assistance of counsel.
>
>> The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985).
>
> *Wolfe v. Randle,* 267 F.Supp.2d 743, 747 (S.D. Ohio 2003).
>
>> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task,

> and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

As discussed, the sentencing transcript reflects petitioner's intention to pursue an appeal. The Court directed defense counsel to file a notice of appeal, but no appeal was filed.

> COURT: Mr. Davidson, you have the right to appeal this sentence. If you cannot afford an appeal, you have the right to appeal for leave to file an appeal *in forma pauperis* which means without the payment of any cost or expense to you. If that application is granted, the clerk of court will prepare or file a notice of appeal on your behalf at that time.
>
> Do you wish the Court to direct the clerk's office to file a notice of appeal on your behalf?
>
> DEFENDANT: Yes.
>
> COURT: You will take care of that, Mr. Thomas.

*Sentencing Transcript,* at 8-9. In its *Answer,* Doc. No. 51, the United States does not contend that petitioner abandoned his intention to appeal, nor does the United States otherwise justify the failure of defense counsel to file a notice of appeal. Instead, the attorney for the United States requests that the petition be granted on this basis. *Government's Answer to Petition,* at 1, Doc. No. 51.

Any attempt by petitioner to now file a notice of appeal would be untimely. *See* Federal Rule of Appellate Procedure 4(b)(1)(A)(notice of appeal must be filed within ten days of entry of final judgment); *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006)(The

4

time limit specified in Rule 4(b) is mandatory and jurisdictional), citing *United States v. Hatfield,* 815 F.2d 1068, 1073-74 (6th Cir.1987). Further, any request for an extension of time to file the appeal would also be untimely. *See* Federal Rule of Appellate Procedure 4(b)(4). Under these circumstances, petitioner's judgment of conviction may be vacated and reinstated so that he may timely appeal. *See Rosinski v. United States*, 459 F.2d 59, 60 (6th Cir. 1972).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the motion to vacate, set aside, or correct sentence be **GRANTED** on petitioner's claim that he was denied the effective assistance of counsel due to his attorney's failure to file a notice of appeal. It is further **RECOMMENDED** that the final judgment in this case, Doc. No. 43, be **VACATED** and that a new judgment be entered so that counsel may be appointed to file a timely appeal on petitioner's behalf. The Magistrate Judge further **RECOMMENDS** that the remainder of petitioner's claims be **DISMISSED** as moot, or as premature pending disposition of petitioner's appeal. Petitioner's request for an evidentiary hearing, *see Motion to Supplement*, Doc. No. 52, is **DENIED**. His unopposed request to supplement the petition, *see id.*, is **GRANTED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


March 17, 2008                                           *s/Norah McCann King*
                                                          Norah McCann King
                                                          United States Magistrate Judge